| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lynda T. Bui, Trustee<br>3550 Vine Street, Suite 210<br>Riverside, California 92507<br>Telephone: (949) 340-3400<br>Facsimile: (949) 340-3000<br>Email: trustee.bui@shulmanbastian.com<br><br>Chapter 7 Trustee<br><br>☐ *Debtor(s) appearing without an attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>**JEGN ONTARIO, INC. dba**<br>**ZENDEJAS MEXICAN GRILL dba**<br>**ZENDEJAS MEXICAN RESTAURANT dba ZENDEJAS**<br>**MEXICAN GRILL, SEAFOOD & SPIRITS,**<br><br><br>                                        Debtor(s). | CASE NO.: **6:22-bk-11036-MH**<br>CHAPTER: **7** |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) **Lynda T. Bui, solely in her capacity as the Chapter 7 Trustee**                    ,
   filed a motion or application (Motion) entitled **Chapter 7 Trustee's Motion for Order Approving the Procedure for**
   **the Sale of Personal Property of the Estate (2021 Ford Transit Van) Pursuant to Bankruptcy Code**                    .
   **§§ 363(b)(1) and (f)**

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.   If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.   If you fail to comply with this deadline:

   (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2)  Movant will lodge an order that the court may use to grant the Motion; and

   (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  **04/28/2022**

**/s/ Lynda T. Bui**
Signature of Movant or attorney for Movant

**Lynda T. Bui**
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

# Statement of Information
# in Compliance with LBR 6004-1(c)(4)

## Statement of Information in Compliance with LBR 6004-1(c)(4)

| LBR 6004-1(c)(4) Requirement | Information |
| --- | --- |
| *LBR 6004-1(c)(3)(B)*<br>Name and address of the proposed buyer: | There is currently no proposed buyer. After reaching out to Carvana and offering to sell the Van, the Trustee received an offer for the Van of $36,000.00. However, the offer was only good for seven days after it was presented to the Trustee. In addition, Jose Zendejas, one of the Debtor's insiders, has expressed interest in purchasing the Van. The Trustee believes that she can sell the Vehicle for no less than $32,000.00. |
| *LBR 6004-1(c)(3)(C)*<br>Description of the property to be sold: | 2021 Ford Transit van ("Van"); regularly maintained and in good condition; approximately 5,515 miles; Van will be stored in parking garage until sale is completed. |
| *LBR 6004-1(c)(3)(D)*<br>Terms and conditions of the proposed sale, including the price and all contingencies: | The sale shall be conducted on an all cash basis and an as-is basis, as long as the Estate receives not less than $32,000.00 in gross for the Van. The sale shall be without any warranties, representations or contingencies. |
| *LBR 6004-1(c)(3)(E)*<br>Whether the proposed sale is free and clear of liens, claims or interests, or subject to them, and a description of all such liens, claims or interests: | The Van is subject to the lien of Ford Motor Company ("Ford") in the approximate amount of $26,000.00.<br><br>The sale will be free and clear of liens, claims and interests of third parties, with such liens, claims and interests to attach to the sale proceeds pending further Court order. Subject to Court approval, from the proceeds from the sale of the Van, the Trustee will pay Ford an amount that is sufficient to satisfy their secured claim against the Van. |
| *LBR 6004-1(c)(3)(F)*<br>Whether the proposed sale is subject to higher and better bids: | Yes to the extent the Trustee receives a higher offer. |
| *LBR 6004-1(c)(3)(G)*<br>Consideration to be received by the Estate, including estimated commissions, fees and other costs of sale: | The Estate is expected to receive no less than $32,000.00 in gross. |
| *LBR 6004-1(c)(3)(H)*<br>If authorization if sought to pay commission, the identity of the auctioneer, broker, or sales agent and the amount or percentage of the proposed commission to be paid: | Not applicable. |
| *LBR 6004-1(c)(3)(I)*<br>A description of the estimated or possible tax consequences to the Estate, if known, and how any tax liability generated by the sale of the property will be paid: | The Trustee believes there will be no tax liability from the sale because she is informed that the Van is being sold for less than the Debtor's purchase price for the Van and there will be no gain from the sale. |

| **LBR 6004-1(c)(4) Requirement** | **Information** |
|---|---|
| *LBR 6004-1(c)(4)(A)*<br>Date which objection must be filed and served: | A written objection to the proposed sale, together with a request for hearing, must be filed and served pursuant to LBR 9013-1(o) not later than 14 days from the date of service of the notice of the Sale Motion, plus an additional three (3) days unless the Notice was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B), in the form required by Local Bankruptcy Rule 9013-1(f)(1). Failure to file a timely response may be deemed as consent to the relief requested in the Sale Motion. |
| *LBR 6004-1(c)(4)(B)* | In the absence of an objection, an order may be entered authorizing the sale of the Van without further notice or hearing. |

1  Lynda T. Bui, Trustee
   3550 Vine Street, Suite 210
2  Riverside, California  92507
   Telephone:    (949) 340-3400
3  Facsimile:    (949) 340-3000
   Email:        trustee.bui@shulmanbastian.com
4

5  Chapter 7 Trustee

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

10

11  In re                                    Case No.  6:22-bk-11036-MH

12  **JEGN ONTARIO, INC.** dba               Chapter 7
    **ZENDEJAS MEXICAN GRILL** dba
13  **ZENDEJAS MEXICAN RESTAURANT**          **CHAPTER 7 TRUSTEE'S MOTION FOR
    dba **ZENDEJAS MEXICAN GRILL,**          ORDER APPROVING THE PROCEDURE
14  **SEAFOOD & SPIRITS,**                   FOR THE SALE OF PERSONAL
                                             PROPERTY OF THE ESTATE (2021 FORD
15  Debtor.                                  TRANSIT VAN) PURSUANT TO
                                             BANKRUPTCY CODE §§ 363(b)(1) AND
16                                           (f); AND DECLARATION OF LYNDA T.
                                             BUI IN SUPPORT THEREOF**
17
                                             [No Hearing Required Pursuant to
18                                           LBR 9013-1(o)]

19  **TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE,**

20  **THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS AND CREDITORS,**

21  **AND OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

22         Lynda T. Bui ("Trustee"), the duly appointed, qualified and acting Chapter 7 trustee

23  for the bankruptcy estate ("Estate") of JEGN Ontario, Inc. dba Zendejas Mexican Grill dba

24  Zendejas Mexican Restaurant dba Zendejas Mexican Grill, Seafood & Spirits ("Debtor"),

25  brings this *Motion for Order Approving the Procedure for the Sale of Personal Property of*

26  *the Estate (2021 Ford Transit Van) Pursuant to Bankruptcy Code §§ 363(b)(1) and (f)*

27  ("Sale Motion") and respectfully represents as follows:

28  ///

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507                              1

23287-000\EXP. 56\Sale Motion (Utility Van) TC JEGN

# I.    **RELEVANT FACTS**

The Debtor's assets include a 2021 Ford Transit Van ("Van").  On its Schedules filed on March 22, 2022 (docket 1), the Debtor valued the Van at $35,000.00 and listed a lien against the Van in favor of Ford Motor Company ("Ford") in the amount of $26,000.00.

The Debtor's representative has advised that the Van has been regularly maintained, is in good condition and has approximately 5,515 miles on it.  *See,* **Exhibit 1** to the Declaration of Lynda T. Bui in support.  During the initial inspection of the Debtor's business, the Trustee took possession and control of the Van.

After reaching out to Carvana and offering to sell the Van, the Trustee has received an offer for the Van of $36,000.00.  However, the offer was only good for seven days after it was presented to the Trustee.  In addition, Jose Zendejas, one of the Debtor's insiders, has expressed interest in purchasing the Van.  The Trustee will continue to seek the highest and best sales price, but will need a Bankruptcy Court order.

# II.    **ARGUMENT**

Given the increase in value of used cars recently and the ease of which they can be sold without utilizing an auctioneer, the Trustee determined that it may be beneficial to creditors of the Estate if she administers the Van by using the sale process online without the need for an auctioneer, which the Estate would generally have to pay 25% commission of the gross sales price.  The sale shall be without any warranties, representations or contingencies, free and clear of liens, claims and interests of third parties, with such liens, claims and interests to attach to the sale proceeds pending further Court order.  In order to obtain the best price for the Van, the Trustee seeks a Court order authorizing the Trustee to sell the Van by any reasonable means (such as soliciting local dealers in the area or online auction sites used for vehicles) on an all cash and an as-is basis for no less than $32,000.00.[1]

---

[1]  The purpose for the request for the lower sale price is to provide the Estate with a cushion should the market change and to obviate the need to incur costs to obtain another sale order based on a different sale price.

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

2

23287-000\EXP. 56\Sale Motion (Utility Van) TC JEGN

1      The sale is authorized by Bankruptcy Code section 363(f)[2] and will provide for a

2 cost-efficient and expeditious manner in which to administer the Van.  The Estate is

3 expected to be able to sell the Van for not less than $32,000.00 if this Sale Motion is

4 approved.  If the Sale Motion is not approved, the Estate may have difficulty marketing the

5 Van for sale and may have to abandon the Van as being burdensome, which would result

6 in no benefit for the Estate. Accordingly and based on the Trustee's business judgment,

7 the Trustee respectfully requests that the Court approve the Sale Motion.

8      Through this Motion, the Trustee is also seeking approval to pay a monthly fee for

9 the storage of the Van, if necessary, until such time that it can be sold.  The Trustee has

10 reached out to ACE Parking ("ACE") who operates the parking structure in the building

11 where the Trustee's Irvine office is located as well as surrounding buildings in the area.

12 ACE has a vehicle storage program which is located at 20 Pacifica, Irvine, CA and charges

13 $95.00 per month for storage.  The Trustee has searched for other storage options for the

14 Van and this option is the best one available.  The Trustee anticipates that the Van will be

15 stored for no more than four months and requests reimbursement of not to exceed four

16 months of storage fees or $380.00.   The Trustee reserves the right to pay the storage fees

17 to the Debtor if she determines that storing the Van with the Debtor is in the best interest

18 of the Estate. Based upon an analysis of the sale of the Van, the Trustee is of the opinion

19 and belief that the proposed sale procedure is in the best interest of the Estate, as it will

20 generate the most funds to the Estate for the benefit of unsecured creditors.

21 _____

22 [2]  The duties of a trustee in a Chapter 7 filing are enumerated in 11 U.S.C. §704, which provides in relevant part as follows:

23     (a) The trustee shall—
        (1) collect and reduce to money the property of the estate for which such

24         trustee serves, and close such estate as expeditiously as is compatible with
        the best interests of parties in interest;

25         (2) be accountable for all property received;
11 U.S.C. §704(a).

26

27 Further, the Trustee, after notice and hearing, may sell property of the estate.  11 U.S.C. § 363(b).  Courts ordinarily will approve a proposed sale if there is a good business reason for the sale and the sale is in the bests interests of the estate. *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991);

28 *In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir. 1983).  In this case, the sale is anticipated to *net* the Estate no less than $8,000.00.

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

3

23287-000\EXP. 56\Sale Motion (Utility Van) TC JEGN

1    Pursuant to Local Bankruptcy Rule 6004-1(g), once the sale closes, the Trustee will

2  file with the Court a *Report of Sale* which details the sale terms approved and the identity

3  of the buyer.

4  ### III.    APPROVING THE MOTION WITHOUT A HEARING IS PROPER

5  Local Bankruptcy Rule 9013-1(o)(1) provides as follows:

6      (1)  Matters That May Be Determined Upon Notice of
7      Opportunity to Request Hearing.    Except as to matters
       specifically noted in subsection (o)(2) below, and as otherwise
       ordered by the court, any matter that may be set for hearing in
8      accordance with LBR 9013-1(d) may be determined upon
       notice of opportunity to request a hearing.

9

10    Further Section 102(1)(B) of the Bankruptcy Code provides that "after notice and a

11  hearing", or a similar phrase –

12      (B) authorizes an act without an actual hearing if such notice is
       given properly and if –

13

14      (i) such a hearing is not requested timely be a party in
       interest; or

15      (ii) there is insufficient time for a hearing to be commenced
16      before such act must be done, and the court authorizes
       such act.

17  *See* 11 U.S.C. § 102(1)(B).

18    The Trustee believes that the Local Bankruptcy Rule 9013-1(o)(1) procedure is

19  appropriate in this case as she does not anticipate any opposition to the Sale Motion.  Thus,

20  the procedure will save the Estate the fees and costs associated with conducting a hearing

21  on approval of a matter that Trustee anticipates will not be opposed.

22  ### IV.    CONCLUSION

23    Based upon the foregoing, the Trustee respectfully submits that good cause exists

24  for granting the Sale Motion and requests that the Court enter an order which provides as

25  follows:

26    1.    Authorizing the Trustee to sell the Van by any reasonable means, on an all

27  cash basis and an as-is basis, as long as the Estate receives not less than $32,000.00 for

28  the Van.  The sale shall be without any warranties, representations or contingencies, free

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

4

23287-000\EXP. 56\Sale Motion (Utility Van) TC JEGN

1  and clear of liens, claims and interests of third parties, with such liens, claims and interests

2  to attach to the sale proceeds pending further Court order.

3    2. Authorize the Trustee to execute any and all documents to effectuate the sale

4  of the Van as proposed in the Sale Motion.

5    3. From the proceeds from the sale of the Van, authorize the Trustee to pay

6  Ford an amount that is sufficient to satisfy its secured claim asserted against the Van.

7    4. Authorize the Trustee to reimburse either the Debtor or a third party for the

8  costs of storage of the Van in an amount not to exceed $380.00.

9    5. Trustee's compliance with Local Bankruptcy Rule 6004-1(g) to file a Report

10  of Sale detailing the terms of sale with the Court once the sale closes.

11    6. For such other and further relief as the Court deems just and proper under

12  the circumstances of this case.

13

 Dated: April 28, 2022    */s/ Lynda T. Bui*

14                Lynda T. Bui
              Chapter 7 Trustee for the bankruptcy estate of

15                JEGN Ontario, Inc. dba Zendejas Mexican
              Grill dba Zendejas Mexican Restaurant dba

16                Zendejas Mexican Grill, Seafood & Spirits

17

18

19

20

21

22

23

24

25

26

27

28

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

5

23287-000\EXP. 56\Sale Motion (Utility Van) TC JEGN

# **DECLARATION**

1

## **<u>DECLARATION OF LYNDA T. BUI</u>**

2        I, Lynda T. Bui, declare and state as follows:

3        1.       I am the Chapter 7 trustee for the bankruptcy estate of *In re JEGN Ontario,*

4   *Inc. dba Zendejas Mexican Grill dba Zendejas Mexican Restaurant dba Zendejas Mexican*

5   *Grill, Seafood & Spirits* ("Debtor"),  Case No. 6:22-bk-11036-MH.   I have personal

6   knowledge of the facts set forth in this Declaration and could, if called as a witness,

7   competently testify thereto.

8        2.       I am familiar with the Debtor's bankruptcy proceeding and make this

9   Declaration in support of my *Motion for Order Approving the Procedure for the Sale of*

10  *Personal Property of the Estate (2021 Ford Transit Van) Pursuant to Bankruptcy Code §§*

11  *363(b)(1) and (f)* ("Sale Motion").  All capitalized terms not otherwise defined herein shall

12  have the meaning set forth in the Sale Motion.

13       3.       The Debtor owned a 2021 Ford Transit Van ("Van").  In its Schedules filed on

14  March 22, 2022 (docket 1), the Debtor valued the Van at $35,000.00 and on its Schedule

15  D, the Debtor listed a lien against the Van in favor of Ford Motor Company ("Ford") in the

16  amount of $26,000.00.

17       4.       The Debtor has advised that the Van has been regularly maintained, is in

18  good condition and has approximately 5,515 miles on it.  Attached here as **Exhibit 1** are

19  pictures of the Van.

20       5.       I have taken possession of the Van and have temporarily stored it.  I am

21  uncertain about the car market and will need to continue to market the Van for sale once

22  the Court grants this Motion in an effort to obtain the best and highest value for the Estate.

23       6.       I have reached out to ACE Parking ("ACE") who operates the parking

24  structure in the building where my Irvine office is located as well as surrounding buildings

25  in the Irvine Spectrum area.  I was informed that ACE has a vehicle storage program which

26  is located at 20 Pacifica, Irvine, CA and charges $95.00 per month for storage.  I have

27  searched for other storage options for the Van and this option is the best one available.  I

28

**Lynda T. Bui,
Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

6

23287-000\EXP. 56\Sale Motion (Utility Van) TC JEGN

1  anticipate that the Van will be stored for no more than four months and request

2  reimbursement of not to exceed four months of storage fees or $380.00.

3       7.     After reaching out to Carvana and offering to sell the Van, I received an offer

4  for the Van of $36,000.00.  However, the offer was only good for seven days after it was

5  presented to me.  In addition, Jose Zendejas, one of the Debtor's insiders, presented the

6  me with an offer for the Van of $36,500.00.  Accordingly, I will need a Bankruptcy Court

7  order before I reach back out to Carvana or Mr. Zendejas for a new offer and such offer

8  may not be the same.

9       8.     In order to obtain the best price for the Van, I seek a Court order authorizing

10  me to sell the Van by any reasonable means (such as soliciting local dealers in the area or

11  auction sites used for vehicles) on an all cash basis and an as-is basis, as long as the

12  Estate can sell it for not less than $32,000.00. I am giving the Estate extra cushion in case

13  the market on used vehicles changes in the near future or that there is a delay because

14  the Estate and the Debtor cannot gather all the necessary documents or items to

15  consummate the sale. Consistent with my duties, my goal is to obtain the highest and best

16  price for the Van to maximize benefits to the Estate. The sale shall be without any

17  warranties, representations or contingencies, free and clear of liens, claims and interests

18  of third parties, with such liens, claims and interests to attach to the sale proceeds pending

19  further Court order.

20       9.     Based upon an analysis of the sale of the Van, it is my opinion and belief that

21  the proposed sale procedure is in the best interest of the Estate, as it will generate the

22  most funds to the Estate for the benefit of unsecured creditors.

23       10.    Pursuant to Local Bankruptcy Rule 6004-1(g), once the sale closes, I will file

24  with the Court a *Report of Sale* which details the sale terms approved and the identity of

25  the buyer.

26  ///

27  ///

28  ///

**Lynda T. Bui,**
**Chapter 7 Trustee**
3550 Vine Street
Suite 210
Riverside, CA 92507

7

23287-000\EXP. 56\Sale Motion (Utility Van) TC JEGN

11.    If the Sale Motion is not approved, the Estate may have difficulty marketing the Van for sale and may have to abandon the Van as being burdensome, which would result in no benefit for the Estate.  Accordingly and based on my business judgment, I respectfully request that the Court approve the Sale Motion.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

EXECUTED on April 28, 2022, at Irvine, California.

*/s/ Lynda T. Bui*

Lynda T. Bui

Lynda T. Bui,
Chapter 7 Trustee
3550 Vine Street
Suite 210
Riverside, CA 92507

8

23287-000\EXP. 56\Sale Motion (Utility Van) TC JEGN

# EXHIBIT 1



**EXHIBIT "1"**
Page 11











EXHIBIT "1"
Page 18







**EXHIBIT "1"**
**Page 21**



**EXHIBIT "1"**
**Page 22**



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**100 Spectrum Center Drive, Suite 600, Irvine, CA 92618**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING THE PROCEDURE FOR THE SALE OF PERSONAL PROPERTY OF THE ESTATE (2021 FORD TRANSIT VAN) PURSUANT TO BANKRUPTCY CODE §§ 363(B)(1) AND (f); AND DECLARATION OF LYNDA T. BUI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 28, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Chapter 7 Trustee**: Lynda T. Bui (TR)    trustee.bui@shulmanbastian.com, C115@ecfcbis.com
- **Interested Party**: Yale K Kim    ykkim@cbbank.com
- **Attorney for Debtor**: Bryan Owens Sahagun    bryan@sahagunlaw.com, mnavarro@sahagunlaw.com
- **Attorney for Celda Inc.**: Tiffany D Truong    tiffany.truong@kts-law.com
- **Interested Party**: United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 28, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 28, 2022 | Erlanna Lohayza | */s/ Erlanna Lohayza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                  **F 9013-3.1.PROOF.SERVICE**

## U.S. MAIL SERVICE LIST

**DEBTOR**
JEGN ONTARIO, INC.
2440 S. VINEYARD AVENUE
ONTARIO, CA 91761-6400

**CREDITOR LISTING**
EMPLOYMENT DEVELOPMENT
DEPT.
BANKRUPTCY GROUP MIC 92E
P.O. BOX 826880
SACRAMENTO, CA 94280-0001

**CREDITOR LISTING**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS: A-340
P.O. BOX 2952
SACRAMENTO, CA 95812-2952

**INTERESTED PARTY**
INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA  19101-7346

**CREDITOR LISTING**
BUTLER CHEMICALS, INC.
3070 E CEENA COURT
ANAHEIM, CA 92806-1321

**CREDITOR LISTING**
CITIZENS BUSINESS BANK
701 N HAVEN AVENUE
ONTARIO, CA 91764-4920

**CREDITOR LISTING**
EASY ICE
PO BOX 879
MARQUETTE, MI 49855-0879

**INTERESTED PARTY**
EDUARDO ZENDEJAS
4246  CATHEDRAL STREET
CORONA, CA  92880

**PREFERRED ADDRESS**
FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

**CREDITOR LISTING**
GENARO ZENDEJAS
2440 S. VINEYARD AVENUE
ONTARIO, CA 91761-6400

**CREDITOR LISTING**
GENARO ZENDEJAS JR.
2440 S. VINEYARD AVENUE
ONTARIO, CA 91761-6400

**ADDITIONAL NOTICE**
GENARO ZENDEJAS JR.
13601 OXFORD CT
CHINO, CA  91710

**CREDITOR LISTING**
GENARO ZENDEJAS SR.
2440 S. VINEYARD AVENUE
ONTARIO, CA 91761-6400

**CREDITOR LISTING**
JOSE ZENDEJAS
2440 S. VINEYARD AVENUE
ONTARIO, CA 91761-6400

**INTERESTED PARTY**
JOSE L ZENDEJAS
13932 VIEWRIDGE COURT
CHINO HILLS, CA  91709

**INTERESTED PARTY**
MARIA DOLORES ZENDEJAS
13508 TREASURE WAY
CHINO HILLS, CA  91709

**CREDITOR LISTING**
MANUEL ESPINOSA NEGRETE
2440 S. VINEYARD AVENUE
ONTARIO, CA 91761-6400

**CREDITOR LISTING**
VERONICA ZENDEJAS
2440 S. VINEYARD AVENUE
ONTARIO, CA 91761-6400

**CREDITOR LISTING**
TIFFANY D TRUONG
KIMBALL, TIREY & ST. JOHN, LLP
915 WILSHIRE BLVD, STE 1650
LOS ANGELES, CA 90017-2658

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                       F 9013-3.1.PROOF.SERVICE